1   Steven M. Tindall (Cal. Bar # 187862)
    Amanda M. Karl (Cal. Bar # 301088)
2   **GIBBS LAW GROUP LLP**
    505 14th Street, Suite 1110
3   Oakland, CA 94612
    Tel: (510) 350-9700
4   Fax: (510) 350-9701
    smt@classlawgroup.com
5   amk@classlawgroup.com
6   *Attorneys for Plaintiff*
7

8            **UNITED STATES DISTRICT COURT FOR THE**
9              **NORTHERN DISTRICT OF CALIFORNIA**

10  DAVID HAMILTON,                          Case No. 3:18-cv-7535
    individually and on behalf of all others
11  similarly situated,                       **CLASS ACTION COMPLAINT**
12              Plaintiff,                     **DEMAND FOR JURY TRIAL**
13
        vs.
14
15  AMERICAN INCOME LIFE INSURANCE
    COMPANY,
16
                Defendant.
17
18
19
20
21
22
23
24
25
26
27
28

                        CLASS ACTION COMPLAINT

Plaintiff David Hamilton, on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF CASE

1.      This proposed class action seeks to vindicate the wage-and-hour rights of insurance salespersons in California employed by Defendant American Income Life Insurance Company ("Defendant" or "American Income").  American Income deliberately and systemically fails to pay its employees for all hours worked:  its insurance salespeople, while training, do not receive minimum wage, overtime pay, reimbursement for business expenses, or the meal and rest breaks they are entitled to under California law.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), because (a) Plaintiff is a citizen of a state different from Defendant American Income Life Insurance Company, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (c) the proposed class consists of more than 100 individuals, and (d) none of the exceptions under the subsection applies to this action.

3.      This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000.  Further, Plaintiff is a citizen of California, whereas Defendant is a citizen of both Indiana and Texas, rendering the parties citizens of different states.

4.      The Court has personal jurisdiction over Defendant.  It conducts substantial business in California and intentionally availed itself of the laws and markets of this state.  A signification portion of the acts and omissions at issue occurred in California, and Plaintiff and class members suffered harm in California.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

6.      Pursuant to Local Rule 3-5(b), assignment to the San Francisco Division or the Oakland Division is appropriate because American Income Life maintains offices in Concord

CLASS ACTION COMPLAINT

(located in Contra Costa County), Fremont (located in Alameda County), and Santa Rosa (located in Sonoma County)

**PARTIES**

7.    Plaintiff David Hamilton is a citizen and resident of Chico, California.

8.    Defendant American Income Life Insurance Company is an Indiana corporation with its headquarters and principal place of business at 1200 Wooded Acres Drive, Waco, Texas, 76710. American Income sells a variety of insurance products, including life, accident, and supplemental health insurance.

**COMMON FACTUAL ALLEGATIONS**

**American Income's New Agents**

9.    American Income sells life insurance and other insurance policies in the California insurance market.  It maintains over twenty offices in California, including in Concord, Fremont, San Jose, and Santa Rosa.

10.    American Income hires agents, who are paid on commission.  Plaintiff is informed and believes, and on that basis alleges, that American Income recruiters are encouraged to sell the agent position as a full-time, salaried employment opportunity.  At job interviews with American Income, prospective agents fill out paperwork; American Income then selects individuals to become agents.

**Agents' Working Relationship with American Income**

11.    When agents begin work, they enter into an "Agent Contract" with American Income. The Agent Contract states: "The Agent is not an employee of the Company; rather, the agent is an independent contractor.  The agent has no fixed hours and is free to choose the time and manner in which services are performed."

12.    Torchmark Corporation, American Income's parent corporation, discussed independent contractor misclassification in its 2017 Annual Report.  It stated, in bold: "**Actual or alleged or alleged misclassification of independent contractors at our insurance subsidiaries could result in adverse legal, tax or financial contractors**."  (emphasis in original).  Torchmark

contemplated the "risk . . . that a court, the IRS or other authority will take the position that those sales agents are employees."

13.     The Agent Contract lays out a commission schedule for agents.  It also states:  "The agent shall be responsible for all expenses incurred in the production of insurance for the Company. The Agent shall, at his or her own expense, furnish his or her own means of transportation . . . and any other relevant expenses incurred in the solicitation of insurance for the Company."

14.     The Agent Contract includes an arbitration provision, which provides that "all disputes, claims, questions and controversies of any kind or nature arising out of or relating to this Contract . . . , except a dispute regarding the enforceability of this agreement to arbitrate, shall be submitted to binding arbitration . . . Arbitration shall be on an individual, not a class, collective, *representative, or private attorney general basis.  If this class-action waiver is deemed unenforceable, the entire agreement to arbitrate shall not apply*."  (emphasis added.)

15.     The Agent Contract also states: "Aside from issues relating to arbitration or the enforceability of this agreement to arbitrate, all issues relating to any dispute, claim, or controversy arising out of or relating to this Contract shall be governed by and decided in accordance with the internal laws of the State of Texas, without regard to its choice-of-law rules."

**American Income Fails to Pay Agents For Time Spent Under American Income's Control**

16.     Agents' training is rigorous, lasting at least several weeks.  The agents frequently work more than eight hours per day, and work six or more days per week, while training.  However, because they do not make sales while they are training, and because their compensation is commission-based, they do not earn money while training.

17.     American Income regulates its agents' schedules, requiring off-site sales meetings with potential buyers to occur at certain times and days of the week, and in-office sales meetings and calls to occur at certain times and days of the week.  Agents are discouraged from holding other jobs while working for American Income.

18.     Agents are generally not paid minimum wage or overtime pay.  They also do not receive regular meal and rest breaks and are not paid for missed breaks.  Agents are also required to

CLASS ACTION COMPLAINT

pay their own expenses incurred in the performance of their jobs, including gas for driving to sales meetings, agent licensing fees and courses, and state-mandated fingerprinting.

### **PLAINTIFF'S EXPERIENCE**

19.     Plaintiff David Hamilton began work in American Income's Chico office as an agent in May 2018 and signed the Agent Contract.  He believed he would be a salaried worker when he applied, but he found out later that the payment would be commission-only.

20.     American Income paid Mr. Hamilton very little, if anything, during his training period.  He paid for all of his business expenses out of his own pocket—including gas, state licensing, and fingerprinting.  He was not reimbursed by American Income for these expenses.  He was paid neither minimum wage nor overtime.  He was also regularly unable to take the meal and rest breaks mandated by California law; nor was he paid for missed breaks.  Mr. Hamilton no longer works for American Income.

21.     While Mr. Hamilton worked at American Income, over a dozen agents were hired and participated in training in American Income's Chico office.

22.     All of Mr. Hamilton's work for American Income occurred within California.

### **CHOICE OF LAW ALLEGATIONS**

23.     Under California Labor Code § 925, employers cannot require employees who primarily reside and work in California to agree to a contract provision that would deprive the employee of the substantive protection of California law where the controversy arises in California.

24.     Mr. Hamilton both resides and worked for American Income in California.  California law, therefore, applies to his claims.

### **CLASS ACTION ALLEGATIONS**

25.     This action is brought and may be maintained under Fed. R. Civ. P. 23 as a class action.

26.     Plaintiff seeks to represent the following class:

CLASS ACTION COMPLAINT

All current and former California-based American Income agents who began training on or since December 14, 2014.

27.     Plaintiff and proposed class members seek relief under Rule 23(b)(2).  The injunctive relief Plaintiff and class members seek is a significant reason for bringing this case and, on its own, justifies the prosecution of this litigation.  Plaintiff and class members also seek relief under Rule (b)(3) and/or (c)(4).

28.     **Numerosity**:  Plaintiff is informed and believes, and on that basis alleges, that there have been more than 100 agents who began training with American Income in California since December 14, 2014. Members of the proposed class are thus too numerous to practically join in a single action.  Class members may be identified using American Income's records and notified of the pendency of this action by mail or email.

29.     **Commonality and Predominance**: Common questions of law and fact exist as to all proposed class members and predominate over questions affecting only individual class members. These common questions include whether:

     a.  American Income's new agents were entitled to minimum wage, overtime, compensation for missed meal breaks, or expense reimbursement under California law while training;

     b.  American Income's practice of purportedly paying its new agents only "commission" while training was unfair or unlawful;

     c.  American Income's denial of reimbursement for new agents' expenses was unfair or unlawful;

     d.  California law applies to Plaintiffs' claims; or

     e.  American Income's arbitration clause is lawful under California law.

30.     **Typicality**: Plaintiff's claims are typical of the claims of the proposed class because he, like class members, was not paid while training to become an agent for American Income.

31.     **Adequacy**: Plaintiff is an adequate representative of the proposed class because his interests do not conflict with the interests of the members of the class he seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation, and will

CLASS ACTION COMPLAINT

prosecute this action vigorously on class members' behalf.

32. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing many actions arising from this issue, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

33. In the alternative, the proposed class may be certified because:

a. The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Defendant;

b. The prosecution of individual actions could result in adjudications, which, as a practical matter, would be dispositive of the interests of non-party class members or which would substantially impair their ability to protect their interests; and

c. Defendant has acted or refused to act on grounds generally applicable to the proposed class, thereby making appropriate final and injunctive relief with respect to the members of the proposed class as a whole.

## CAUSES OF ACTION

### Count I

### Unlawful, Unfair, and Fraudulent Business Practices

### Cal. Bus. & Prof. Code § 17200, *et seq*.

34. Plaintiff re-alleges the paragraphs above as if set forth fully herein.

35.     The Defendant has violated and continues to violate California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, which prohibits unlawful, unfair, and fraudulent business acts or practices.

36.     The Defendant's acts and practices, as alleged in this complaint, constitute unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition Law.  In particular, Defendant promised a salaried position, and then hired Plaintiff and class members as commission-only employees, failing to pay any of them during their training.

37.     The Defendant's business acts and practices are unlawful for the reasons set forth in this complaint, including:

    a.   Failing to pay minimum wage in violation of California Labor Code §§ 1194 and 1197;

    b.   Failing to pay overtime compensation in violation of California Labor Code §§ 510 and 1094;

    c.   Failing to pay for all hours worked in a timely fashion upon resignation in violation of California Labor Code §§ 202-203;

    d.   Failing to provide meal and rest breaks, or to compensate workers for missed meal and rest breaks, in violation of California Labor Code §§ 226.7 and 512;

    e.   Failing to furnish appropriate itemized wage statements in violation of California Labor Code § 226;

    f.   Failing to reimburse expenses paid in violation of California Labor Code § 2802;

    g.   Willfully misclassifying workers as independent contractors in violation of California Labor Code § 226.8(a)(1);

    h.   Requiring workers who reside and work in California to submit to Texas law in violation of California Labor Code § 925; and

    i.   Requiring waiver of representative and private attorneys general claims under its arbitration clause in violation of *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014).

38.     The Defendant's conduct also constitutes unfair business practices for at least the following additional reasons:

   a.   The gravity of harm to Plaintiff and the proposed class from the Defendant's acts and
        practices far outweighs any legitimate utility of that conduct;

   b.   The Defendant's conduct is immoral, unethical, oppressive, unscrupulous, or
        substantially injurious to Plaintiff and the members of the proposed nationwide class;
        and

   c.   The Defendant's conduct undermines and violates the stated policies underlying the
        Unfair Competition Law by misleading Plaintiff and class members into working
        without pay.

   39.   The Defendant's conduct also constitutes fraudulent business practices because it
advertised these patient positions as salaried positions, when in fact Plaintiff and class members
were paid on a commission-only basis, even during their training periods.

   40.   As a direct and proximate result of the Defendant's business practices, Plaintiff and
proposed class members suffered injury in fact and are entitled to unpaid wages and penalties under
the California Labor Code.  Plaintiff and the proposed class are also entitled to an injunction and
other equitable relief, including restitutionary disgorgement of all profits accruing to the Defendant,
because of its unfair, unlawful, and fraudulent practices, and such other orders as may be necessary
to prevent the future use of these practices.

### Count II

### Failure to Pay California Overtime Compensation
### Cal. Lab. Code §§ 510, 1094, IWC Wage Order No. 4

   41.   Plaintiff re-alleges the paragraphs above as if set forth fully herein.

   42.   During the Class Period, Plaintiff and class members worked on many occasions in
excess of eight hours in a workday and/or 40 hours in a work week without being paid full, proper
overtime compensation in violation of California Labor Code §§ 510, 1194 and IWC Wage Order
No. 4, § 3.  The precise number of unpaid overtime hours will be proven at trial.

   43.   Defendant's actions were willful, in bad faith, and in knowing violation of the
California Labor Code.  As a direct and proximate result of Defendant's unlawful conduct as set
forth herein, Plaintiffs and class members have sustained damages, including loss of earnings for

CLASS ACTION COMPLAINT

hours of overtime work, in an amount to be determined at trial.  Pursuant to California Labor Code § 1194(a), Plaintiff and class members are entitled to recover their unpaid overtime and double time compensation, including interest.  Plaintiff and class members are also entitled to recover reasonable attorneys' fees and costs.

**Count III**

**Failure to Pay Minimum Wages**

**Cal. Lab. Code §§ 1194, 1197, IWC Wage Order No. 4**

44.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

45.     California Labor Code §§ 1194, 1197, and IWC Wage Order No. 4, § 4 state that payment of less than the minimum wage fixed by California's Industrial Welfare Commission is unlawful.

46.     Defendant repeatedly failed to pay Plaintiff and class members any compensation for hours that they worked, including during their training.  Plaintiff and the class, therefore, are entitled under California law to be paid for all hours during which they were subject to the control of Defendant, including all time they were suffered or permitted to work for Defendant.

47.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the class have sustained damages, including compensatory damages pursuant to Labor Code § 1194(a), prejudgment interest, liquidated damages pursuant to Labor Code § 1194.2, and reasonable attorneys' fees and costs pursuant to § 1194(a) in an amount to be established at trial.

**Count IV**

**Failure to Provide Meal Periods**

**Cal. Lab. Code §§ 226.7, 512, IWC Wage Order No. 4**

48.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

49.     Plaintiff and class members have regularly worked in excess of five hours a day without being afforded at least a half-hour meal period in which they were relived of all duties, as required by California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 4, § 11.

9

CLASS ACTION COMPLAINT

50.     By failing to consistently provide Plaintiff and class members an uninterrupted, thirty-minute meal period within the first five hours of work each day, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

51.     Plaintiff is informed and believes, and on that basis alleges, that Defendant has never paid the one hour of compensation as a premium payment to any class member pursuant to California Labor Code § 226.7 for not providing proper meal periods.  As a direct and proximate result of Defendant's unlawful conduct as set forth herein, Plaintiff and class members have sustained damages, including loss of compensation resulting from missed meal periods, meal period premiums owed them, interest on all amounts owed, and reasonable attorneys' fees and costs in amounts to be determined at trial.

**Count V**

**Failure to Provide Rest Periods**

**Cal. Lab. Code § 226.7, IWC Wage Order No. 4**

52.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

53.     At all relevant times, Defendant was aware of, and under a duty to comply with, California Labor Code § 226.7.

54.     At all relevant times, California Labor Code § 226.7 has applied and continues to apply to Plaintiff's and class members' employment with American Income.  California Labor Code § 226.7 states "An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable statute, or . . . order of the Industrial Welfare Commission."

55.     Section 12 of Wage Order No. 4 provides in relevant part that: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages."

CLASS ACTION COMPLAINT

56.     If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

57.     Defendant did not authorize or permit Plaintiff and other class members to take rest breaks as required by California law.  Plaintiffs and class members regularly worked a full work day but were denied a rest period every four hours or major fraction thereof.

58.     Defendant failed to authorize and permit Plaintiff and class members to take adequate rest periods as required by law.  Plaintiff and class members are therefore entitled to payment of additional wages as provided by law.

**Count VI**

**Waiting Time Penalties**

**California Lab. Code §§ 202-203**

59.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

60.     California Labor Code § 202 states that an employer is required to provide an employee who resigns all unpaid wages within 72 hours of their resignation, or upon resignation if the employee has provided at least 72 hours' notice.

61.     California Labor Code § 203 states that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 202, then the employer is liable for waiting time penalties equivalent to the employee's daily wage, for a maximum of 30 days.

62.     Plaintiff and numerous class members who were employed by Defendant during the Class Period have resigned.  Upon resignation, however, they were not paid all wages due within the statutory time period.  Defendant willfully failed and refused to pay timely compensation and wages for, among other things, unpaid overtime, unpaid meal periods, and unpaid expenses.

63.     As a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiff and former employee class members for all hours worked, Plaintiff and affected members of the class are entitled to recover "waiting time" penalties of up to thirty (30) days' wages pursuant to § 203, with interest thereon, and reasonable attorneys' fees and costs.

CLASS ACTION COMPLAINT

1

2

3

**Count VII**

**Failure to Furnish Accurate Wage Statements**

**Cal. Lab. Code § 226 & IWC Wage Order No. 4**

4      64.     Plaintiff re-alleges the paragraphs above as if set forth fully herein.

5      65.     Pursuant to California Labor Code § 226(a) and IWC Wage Order No. 5, Defendant

6   has at all relevant times been required, semimonthly or at the time of each payment of wages, to

7   furnish Plaintiff and class members accurate, itemized written statements containing all the

8   information described in § 226 and Wage Order No. 4, § 7, including, but not limited to, the total

9   hours worked by the employees.

10      66.     Defendant has knowingly and intentionally failed to comply with § 226 by knowingly

11   and intentionally failing to furnish Plaintiff and class members with accurate, itemized written

12   statements showing their actual and total hours worked, including all overtime hours.

13      67.     Defendant also failed to accurately record meal periods as detailed above, to pay meal

14   and rest period premium wages for missed meal and rest periods, and to report those meal period

15   premium payments on wage statements.

16      68.     Under California Labor Code § 226(e), an employee suffering injury as a result of

17   knowing and intentional failure of an employer to comply with § 226(a) is entitled to recover the

18   greater of all actual damages or fifty ($50) for the initial pay period in which a violation occurs and

19   one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount

20   of $4,000.

21      69.     In addition, upon information and belief, and in violation of IWC Wage Order No. 4,

22   Defendant failed to keep the required payroll records showing the actual hours worked each day by

23   Plaintiff and class members.  As a direct and proximate result of Defendant's actions, Plaintiff and

24   class members have suffered economic harm as they have been precluded from accurately

25   monitoring the number of hours worked and thus seeking all accrued pay.

26      70.     As a direct and proximate result of Defendant's unlawful conduct as set forth herein,

27   Plaintiff and class members have been injured by not receiving the information required by

28   California Labor Code § 226(a), not being paid their straight time and overtime hours, not having

CLASS ACTION COMPLAINT

1   records showing their total hours worked, not being able to ascertain from their wage statements

2   whether or how they have been lawfully compensated for all hours worked, among other things, in

3   an amount to be determined at trial.

4       71.   Plaintiff and class members may recover damages and penalties provided for under

5   California Labor Code § 226(e), plus interest thereon, reasonable attorneys' fees, and costs.

6   **Count VIII**

7   **Failure to Reimburse Expenses**

8   **Cal. Lab. Code § 2802 and Wage Order 4**

9       72.   Plaintiff re-alleges the paragraphs above as if set forth fully herein.

10       73.   Labor Code § 2802 requires Defendant to indemnify employees for all necessary

11   expenditures or losses incurred by the employee in direct consequence of the discharge of his or her

12   duties, or of his or her obedience to the directions of the employer.  Wage Order No. 4 § 9 requires

13   an employer to provide required tools or equipment.

14       74.   Defendant did not indemnify Plaintiff or class members for their expenses, nor

15   provide them tools.  Instead, Plaintiff and class members were required to pay for their own

16   expenses, including gas for driving to sales meetings, professional certification, and state-mandated

17   fingerprinting.

18       75.   Plaintiff and class members are entitled to reimbursement for their business expenses

19   and tool purchases, plus interest thereon, reasonable attorneys' fees, and costs.

20   **Count IX**

21   **Declaratory Relief**

22   **28 U.S.C. § 2201**

23       76.   Plaintiff re-alleges the paragraphs above as if set forth fully herein.

24       77.   The Agent Contract states that "all disputes" must go to arbitration, which "shall be

25   on an individual, not on a class, collective, representative, or private attorney general basis.  If this

26   class-action waiver is deemed unenforceable, the entire agreement to arbitrate shall not apply."

27       78.   In *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014), the

28   California Supreme Court concluded that where "an employment agreement compels the waiver of

CLASS ACTION COMPLAINT

representative claims under the [Private Attorneys General Act], it is contrary to public policy and unenforceable as a matter of law."

79.     In connection with the active case between the parties, Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201, declaring that:

a. Under *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014), the arbitration portion of Plaintiff's contract—which purports to prevent Plaintiff from arbitrating any class, collective, representative, or private attorney general litigation— is unenforceable, invalid, unconscionable, void, and voidable in California;

b. As a result, by its own terms, the entire agreement to arbitrate is no longer enforceable in California; and

c. Contrary to the terms of Plaintiff's contract, Plaintiff may maintain a class action and a representative PAGA action in court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter a judgment awarding the following relief:

a. An order awarding Plaintiff and the class members their wages owed, penalties, and/or any other form of monetary relief provided by law;

b. An order enjoining Defendant from their unlawful conduct;

c. An order certifying the class defined above;

d. An order awarding Plaintiff and the class pre-judgment and post-judgment interest as allowed under the law;

e. An order awarding Plaintiff declaratory relief as described above;

f. An order awarding Plaintiff and the class reasonable attorneys' fees and costs of suit, including expert witness fees; and

g. An order awarding such other and further relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT

1

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so properly triable thereby.

Dated:  December 14, 2018                    Respectfully submitted,

**GIBBS LAW GROUP LLP**

By: */s Steven M. Tindall*
       Steven M. Tindall

505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701

*Attorneys for Plaintiff*

15
CLASS ACTION COMPLAINT